

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Cheng Ke Qiang,<br><br>　　　　　　　Plaintiff (pro se),<br><br>　v.<br><br>JuneHeart<br><br>　　　　　　　Defendant, | Case: **1:25-cv-01297**<br>Judge: **Judge John Robert Blakey**<br>**Magistrate Judge Maria Valdez**<br>**Direct/Cat. 3** |

## COMPLAINT

Cheng Ke Qiang ("Plaintiff"), hereby files this Complaint for trademark infringement against JuneHeart ("Defendant"), on personal knowledge as to Plaintiff's infringing activities:

### THE PARTIES

1.　Cheng Ke Qiang is a Chinese citizen who resides at 9 Xiahe Road, Hongxing Village, Huangzhai Town, Pujiang County, Yiwu City, Zhejiang Province, People's Republic of China. Plaintiff sells his products all over the world through e-commerce platforms, including products that embody Plaintiff's Registered Trademark "KakaPops" (Registration Number: 6,662,514).

2.　On information and believe, Defendant is an e-commerce store operated by Shenzhen Xingfushike Technology Co., Ltd, which maintains its main office at Rm 301, Unit One, Block 97, Yuanling New Village, Yuandong Community, Yuanling Street, Futian District, Shenzhen, Guangdong Province, People's Republic of China. It also has an office at 843 Hibisus Ln, San Jose, CA 95117.

-2-

3. The Defendant conducts its illegal operations through fully interactive commercial websites hosted on Amazon. The Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights ("Infringing Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4. Through the operation of its infringing Amazon store, Defendant is directly inducing and engaging in the sale of Infringing Products.

**JURISDICTION AND VENUE**

5. This is an action for trademark infringement arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act").

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.

7. This Court has personal jurisdiction over Defendant in that it transacts business in the State of Illinois and in the Northern District of Illinois.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendant is an online e-commerce store entity subjects to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims

occurred in this District and Defendant directly target business activities towards consumers in the State of Illinois.

## BACKGROUND FACTS

9. Plaintiff's registration covers Defendant's infringing wordmark. Defendant's sales of Infringing Products with the mark of "KakaPops" are in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

10. Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the trademark that is protected by the registrations (the "Mark"). Genuine and authentic copy of the U.S. federal trademark registration certificate for the Mark are attached as Exhibit 1.

11. The registration is valid, subsisting, unrevoked, and uncancelled. The registrations for the Marks constitute *prima facie* evidence of validity and of Plaintiff's exclusive right to use the Marks pursuant to 15 U.S.C. § 1057(b).

12. Plaintiff's wordmark "KakaPops" is recognized by the consuming public as high-quality water toys. As detailed below, Plaintiff has been using the Marks for many years in connection with the advertising and sale of water toys.

13. The Mark is a highly visible on sale and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff's Products bearing the Mark have generated a substantial amount of revenue for Plaintiff over the years.

14. The Mark has never been assigned or licensed to any of the Defendant in this matter.

15. Defendant's use of the Mark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

16. Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Mark in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, *inter alia*, the Internet, as illustrated in Exhibit 2. The Infringing Products are not genuine products sold by Plaintiff under the Marks. Plaintiff did not manufacture, inspect, or package the Infringing Products and did not approve the Infringing Products for sale or distribution. Defendant offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold Infringing Products into the United States, including Illinois.

17. Defendant falsely advertise the sale of authentic Product through the infringing Amazon stores. Defendant's infringing Amazon store listings appear to unknowing consumers to be legitimate Amazon stores and listings, authorized to sell genuine Plaintiff's Product.

18. Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling Infringing Goods that infringe upon the Mark unless preliminarily and permanently enjoined.

19. Plaintiff has no adequate remedy at law.

## COUNT I
## Federal Trademark Infringement
## (15 U.S.C § 1114)

20. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

21. The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Wordmark is highly distinctive and has become universally associated in the public mind with Plaintiff's Product. Consumers associate the Plaintiff's Mark, namely the word "KakaPops", with the Plaintiff as the source of the

very highest quality products for their water sprinkler.

22. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Mark, and the fact that Defendant' Infringing Products are sold using a word identical to the Plaintiff's Mark, the Defendant have manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

23. The Plaintiff has no adequate remedy at law and, if the Defendant' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff pray for judgement against Defendant as follows:**

I. That Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from using the Plaintiff's Mark on any market, especially in Amazon stores.

II. That Defendant account for and pay over to Plaintiff any and all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Mark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

III. In the alternative, that Plaintiff be awarded statutory damages of One Hundred Thousand United States Dollars and No Cents ($100,000.00) for each and every use of the Plaintiff's Mark.

IV. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

V. Grant Plaintiff such other and further legal relief as may be just and proper.

Date: February 5, 2025

/s/ Cheng Ke Qiang<br>
Cheng Ke Qiang